## Horsham Township v. Horsham Key Bowling, Inc.

*Harry M. Sablosky* and *Morton Sablosky*, for appellant.

*Elmer L. Menges*, for contra.

GROSHENS, J., December 15, 1958.—This is an appeal from a summary conviction under the provisions of a so-called "tax anything" ordinance of a second class township.

On January 7, 1958, the township enacted an ordinance readopting the provisions of an earlier ordinance to impose a "tax on sales of admissions to places of amusement or on the privilege of attending or engaging in amusements" for the year 1958.

On January 15, 1958, appellants opened a bowling alley business in the township in a newly constructed building containing 24 alleys with some seating facilities for bowlers and spectators. Appellants refused to pay the tax of 10 percentum on each game played on the grounds that the tax ordinance was invalid and that it did not apply to participation in a competitive sport such as bowling.

On April 18, 1958, the township secretary filed a criminal information against appellants, charging them with violating the ordinance by failing to secure "the necessary permits," by failing "to account for the taxes due" and by failing "to pay the necessary permit fees."

On May 6, 1958, a hearing on the charges was held before a local justice of the peace, who found appellants guilty and imposed a fine of $300 and costs.

In due course this appeal was allowed. In the meanwhile, on May 15, 1958, a complaint in equity was filed in the case of Horsham Key Bowling, Inc., v. Horsham Township, as of April term, 1958, no. 12, in which plaintiff alleged that the taxing ordinances were unconstitutional and were not authorized by statute, and in which plaintiff prayed for relief against the township's efforts to enforce and collect the tax.

On June 20, 1958, a hearing was held on the appeal from the summary conviction before the writer of this opinion, at which certain exhibits were offered and the testimony of witnesses taken. Decision was withheld pending oral arguments and the filing of briefs.

On November 25, 1958, a hearing was held in the equity case, at which the parties agreed that the record taken in the appeal from the summary conviction be considered as the record in the equity case. Counsel for all parties then engaged in oral arguments in both cases as to the validity of the taxing ordinances, and on the authority of a second class township to impose a tax on bowling.

Without going into the question of the validity of the taxing ordinance, we are firmly of the opinion that a second class township does not have the power to impose the tax in question.

The finding of a few facts is necessary:

1. Appellants do not charge or collect an admission for a person to enter the premises either as a player or as a spectator.

2. Bowlers are of two sorts, namely: "Open" bowlers, and "league" bowlers. "Open" bowlers are those bowlers who once, infrequently or frequently, or at unscheduled times, engage in the use of the alleys. "League" bowlers are those bowlers who by written contract have the exclusive right to use the alleys at specified times for a specified consideration. A bowler may be on "open" bowler at one time, and a "league" bowler at another time, depending upon the arrangements at the time he uses the alley.

3. "Open" bowlers pay for the use of an alley at the rate of five cents per frame, collectible at the conclusion of play.

4. "League" bowlers pay for the use of an alley at the rate and at the time specified in the written contract.

5. A completed game of bowling is made up of 10 frames.

6. An "open" bowler is charged only for the number of frames he plays. That is to say, if he only plays five frames, or one-half of a game, he is charged 25 cents, and if he only bowls one frame, he is only charged five cents.

7. "League" bowling is charged according to the contract whether the alley is used or not by the "league" bowlers.

The power of a second class township to levy, assess and collect the tax in question must be found, if it is to be found, in the enabling Act of June 25, 1947, P. L. 1145, sec. 1, as amended, 53 PS §6851.

The Act of 1947 groups all political subdivisions of the Commonwealth, excepting cities of the first class and school districts of the first class, into two categories for the investiture of certain taxing powers.

Into the first category are placed "cities of the second class, cities of the second class A, cities of the third class, boroughs, towns, townships of the first class, school districts of the second class, school districts of the third class and school districts of the fourth class."

Into the second category are placed only "townships of the second class."

Political subdivisions in the first category are invested with the power to levy, assess and collect taxes on the "transfer" of real property and "on persons, transactions, occupations, privileges, subjects and personal property" with certain specified exceptions.

Political subdivisions in the second category *(second class townships)* are invested with the power to levy, assess and collect taxes on the "transfer" of real property, *"on admissions to places of amusement, athletic events and the like"*, "on the use or occupancy of house trailers suitable for living quarters" and "a per capita

tax upon individuals not to exceed $5," with certain specified exceptions. (Italics supplied.)

It is clear that a second class township has power to levy, assess and collect a 10 percent tax "on admissions to places of amusements, athletic events and the like."

It is equally clear that a second class township does not have power to levy, assess and collect a 10 percent tax on "transactions" and privileges."

Is the tax in question a tax on "admissions," or is it a tax on "transactions" or "privileges?"

A tax on the prices paid to roll balls against wooden pins at a certain place is not a tax on "admissions" unless second class township supervisors have license by some etymological hocus pocus to transform word meanings.

Such a tax may be a tax on the prices paid for "privileges," or a tax on the costs of "transactions," or even a tax on "subjects," but never a tax on "admissions," in spite of the incantations of the ordinance.

One of the best known and most commonly used meanings of "admissions" is the prices charged or paid to be admitted. The very wording of the Act of 1947 shows that the General Assembly used "admissions" in that sense by the qualifying phrase "to places of amusement."

A taxing body which enjoys only delegated powers may not arrogate power by the distortion of the clear language by which it receives its power to tax. This seems to us so axiomatic that further discussion is not needed.

We hold that this tax on "admissions" is in truth a tax on the "privilege" of participating in the game of bowling and therefore beyond the purview of the provisions of the Act of 1947 applying to second class townships.

It is unnecessary to pass upon the allegation of the invalidity of the taxing ordinance, or upon the allega-

tion that the tax is excessive. We note in passing that a businessman may lawfully organize and operate his business in a manner to avoid taxes. If the operator of a bowling alley business sees fit to charge his patrons at the rate of five cents a frame collectible at end of each frame, he may do so, even if the charge and collection at that rate is untaxable under the Act of 1947. See Moon Schools Union School District v. Tiglio, 183 Pa. Superior Ct. 67. The power to tax does not include the power to regulate directly or indirectly the internal management of a business. Tax avoidance and tax evasion are quite different things, and the law so treats them differently.

*Order*

And now, December 15, 1958, defendants are found not guilty and costs are imposed upon the township.